Filed 9/9/13  P. v. Demery CA3/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARNELL DEMERY,<br><br>    Defendant and Appellant. | B242985<br><br>(Los Angeles County<br>Super. Ct. No. TA121273) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Affirmed.

Jasmine Patel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Darnell Demery was charged in an information with assault by means of force likely to produce great bodily injury, (Pen. Code, § 245, subd. (a)(1),[1] four counts of making a criminal threat (§ 422, subd. (a)) and stalking (§ 646.9, subd. (b)). As to all counts it was specially alleged Demery had suffered one prior serious or violent felony conviction within the meaning of section 667, subdivision (a)(1) and the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Appearing in propria persona, Demery pleaded not guilty to the charges and denied the special allegations. After the trial court granted Demery's request to be represented by appointed counsel, the matter proceeded to trial.

According to the evidence at trial, after separating from Adele Molioo, with whom he had two children, Demery became embroiled in a protracted dispute with her over Molioo's new boyfriend and Demery's access to their daughter. The dispute was punctuated by a physical confrontation between Demery and Molioo, a series of harassing text messages, telephone calls and voice messages from Demery to Molioo in violation of a restraining order and Demery's threats of physical harm or death to Molioo and members of her family.

At the conclusion of the People's evidence, the trial court dismissed count 5, the charged criminal threat to Molioo's mother (Tipesa Molioo). Demery then testified in his own defense and denied the version of events presented by the People's witnesses. His two children also testified in his defense.

The jury convicted Demery of making a criminal threat to Molioo as charged in counts 2 and 3 and of stalking Molioo as charged in count 4, but acquitted him of committing aggravated assault on Molioo and making a criminal threat to Molioo's sister (Togalei Hoff) as charged in counts 1 and 6, respectively.

In a bifurcated proceeding, Demery admitted the prior conviction allegation. The trial court granted defense counsel's motion to dismiss the prior strike conviction pursuant to section 1385. The court sentenced Demery to an aggregated term of eight

---

[1] Statutory references are to the Penal Code.

years, consisting of the three-year middle term for stalking, plus five years for the prior serious felony enhancement with the sentence to be served in state prison under section 1170, subdivision (h)(3). The court stayed imposition of sentence on the two counts of making a criminal threat pursuant to section 654. The court ordered Demery to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $240 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. Demery was awarded a total of 440 days of presentence credit (220 actual days and 220 days conduct credit).

We appointed counsel to represent Demery on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 24, 2013, we advised Demery he had 30 days in which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the record and are satisfied Demery's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSTION**

The judgment is affirmed.

ZELON. J

We concur:

WOODS, Acting P. J.                    SEGAL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.